UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



STANFORD CAIN, #342318

    Petitioner,

v.    2:08CV186

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on January 25, 2005, in the Circuit Court for the City of Petersburg, Virginia, for aggravated malicious wounding, use of a firearm in the commission of an aggravated malicious wounding, and possession of a firearm by a convicted felon. As a result of the convictions, petitioner was sentenced to serve fifty years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on July 9, 2008. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on July 15, 2008, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge.  Therefore, it is ORDERED that the petition be DENIED and DISMISSED on the basis of petitioner's procedural defaults in the state system and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the trial date set forth in the report and recommendation, the objection has merit.  The Report and Recommendation reports that petitioner's trial date was January 25, 2005, but, in fact, petitioner was tried in June, 2004, and sentenced in November, 2004.

To petitioner's objection that the Magistrate Judge "misevaluated the evidence" by arriving at the conclusion that the claims are exhausted and procedurally defaulted, the objection is without merit.  The terms are neither inconsistent nor mutually exclusive.  If petitioner failed to timely raise an issue, he committed a procedural default.  If he tried to raise the same issue under different circumstances and consideration of the issue would be barred (e.g., by statute as successive), then the claim is exhausted.

Petitioners' objections fail because the issues he raised in the Virginia Court of Appeals and the issues raised in the petition before the Court are different.  The sole issue raised in the Court of Appeals was the sufficiency of the evidence, and the sole issue raised in the state habeas action was ineffective assistance of counsel for failure to complete the appeal process.  That issues was resolved when

petitioner was granted a delayed appeal, even though the appeal was refused. The issues raised herein are raised for the first time and are, therefore, procedurally defaulted.

To the extent that petitioner objects to trial counsel's failure to appeal to the Supreme Court of Virginia, the objection is without merit. Petitioner's claim fails on two counts: First, the attorney about whom petitioner complains is the same attorney with whom petitioner would not cooperate. Second, counsel's failure was addressed when petitioner was granted a delayed appeal.

To the extent that petitioner ties his objections to the claim of serious procedural error during trial, the objections are without merit. Petitioner asserts a factual issue in dispute (whether petitioner knew what he was doing when he waived counsel), but the record does not support the claim. The trial judge spent a significant amount of time trying to get petitioner to understand the perils of self-representation. Petitioner rejected the advice without hesitation. The court then granted petitioner's wish and allowed him to defend himself, but the court directed that court-appointed counsel, over petitioner's objections, remain to assist if needed.

There is no issue of "due process." Petitioner's trial was fair, his rights were protected, and counsel was always available to him. Petitioner's circumstances are of his own creation. Contrary to advice of counsel, with whom petitioner refused to cooperate, and contrary to the advice of the trial court, petitioner chose to represent himself on five felony charges: use of a firearm while committing an aggravated malicious wounding, robbery, breaking and entering, possession of a firearm as a convicted felony, and malicious wounding. He was ultimately

convicted of malicious wounding, use of a firearm during a malicious wounding, and possession of a firearm as a convicted felon. Petitioner was acquitted of robbery, and the breaking and entering charge was dismissed on court appointed counsel's motion to strike. Petitioner was uncooperative and difficult to work with, and matters did not turn out as he hoped. In that circumstance, there is simply no basis to claim error.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/ Robert G. Doumar
Senior United States District Judge

**UNITED STATES DISTRICT JUDGE**

Norfolk, Virginia
Aug 11, 2008, 2008